**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

PAUL A. FIORAVANTI, JR.
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

May 17, 2022

Eric Lopez Schnabel, Esquire
Alessandra Glorioso, Esquire
Dorsey & Whitey (Delaware) LLP
300 Delaware Avenue, Suite 1010
Wilmington, DE 19801

Jeffrey S. Cianciulli, Esquire
Weir Greenblatt Pierce LLP
824 North Market Street, Suite 800
Wilmington, DE 19801

Re: *In re Custom Furniture Techs., Inc. D/B/A The Inside (ABC),*
*LLC*, C.A. No. 2022-0041-PAF

Dear Counsel:

I write concerning the Assignee's Motion for an Order Establishing Bond Amount Pursuant to 10 *Del. C.* § 7383 (the "Motion"). An assignment for the benefit of creditors is governed by 10 *Del. C.* §§ 7381-7387 (the "ABC Statute"). The ABC Statute requires the assignee to file within 30 days of the assignment "an inventory or schedule of the estate or effects so assigned." 10 *Del. C.* § 7381. According to the petition in this case, The Inside (ABC), LLC (the "Assignee") was appointed as the assignee of the estate on January 14, 2022. Dkt. 1 ¶ 6 & Ex. A. Also filed with the petition was a declaration of H. Michael Hogan, the Authorized Representative of the Assignee, attaching "a full and complete inventory of all Assignor's tangible and intangible estate and effects." Dkt. 4 ¶ 7 & Ex. A.

Pursuant to the ABC Statute, upon the filing of the inventory, "the Court of Chancery shall appoint 2 disinterested and competent persons to appraise the estate assigned." 10 *Del*. *C*. § 7382. The appraisers must "perform their duties with fidelity" and "forthwith proceed to make an appraisement" of the assigned estate and file it with the Register in Chancery. *Id*. Upon the filing of the appraisal, the assignee is required to "give bond with sufficient surety, to be approved by the Court of Chancery in an amount fixed by the Court, being not less than the total amount of inventory and appraisement of the estate so assigned." 10 *Del*. *C*. § 7383.

On February 9, 2022, the court entered an order appointing two appraisers recommended by the Assignee: National Valuations, Inc. ("NVI") and Presidio Capital, LLC ("Presidio"). Dkt. 8. On April 8, 2022, the Assignee filed the Motion. Dkt. 18. The Motion attached as exhibits the appraisals required to be filed pursuant to Section 7382 of the ABC Statute. The NVI valuation appraised the assigned estate at between $85,000 and $165,000 based on an "Orderly Liquidation Value."[1] Dkt. 18 Ex. A at 5. Of that amount, NVI valued the inventory at between $10,000 and $15,000, and the intellectual property between $75,000 and $150,000. *Id*. at 11.

---

[1] Orderly Liquidation Value is defined as "the estimated gross amount, expressed in terms of money, that could be typically realized from a liquidation sale, given a reasonable period (180 days) to find a purchaser (or purchasers), with the seller being compelled to sell on an as-is, where-is basis, as of a specific date." Dkt. 18 Ex. A at 5.

NVI's valuation did not make any deduction for liabilities or the costs of the ABC process.

Presidio's appraisal also valued the estate's assets using an Orderly Liquidation Value. Dkt. 18 Ex. B at 7. Presidio valued the assets at $104,100. *Id*. Presidio's valuation included a "Best Case," "Moderate Case," and "Worst Case" scenario. *Id*. at 14. Presidio's Worst Case scenario attributed no value to the intellectual property assets and $383,954 to the other assets. *Id*. Presidio then deducted $279,900 in anticipated liabilities, including the costs of funding the ABC process. *Id.*

The ABC Statute requires an appraisal of the estate's assets and the fixing of the bond in an amount "being not less than the total amount of inventory and appraisement of the estate so assigned." 10 *Del. C.* § 7383. The statute makes no provision for deducting liabilities in the appraisal process, and the Assignee does not offer any basis for doing so.[2] Accordingly, the court will set the bond at $533,954. This amount is derived from Presidio's $383,954 valuation of the non-intellectual

---

[2] In another recent ABC proceeding, Presidio deducted liabilities in its appraisal of the assignor's estate. *See In re LM Indus. Gp., Inc.*, C.A. No. 2022-0148-PAF Dkt. 5 Ex. B (deducting $2,675,093 in liabilities). After the court raised the issue *sua sponte*, counsel and Presidio acknowledged it was improper to subtract the assignor's debts from the appraisal. *Id*. Dkt.7. As here, the court in LM Industries corrected for Presidio's error and set the bond without deducting for liabilities. *See id.* Dkt. 9 (Order).

property assets, plus the top-end range of NVI's valuation of the intellectual property assets of $150,000, with no deduction for liabilities.  Bond shall be secured.

**IT IS SO ORDERED**.

Very truly yours,

*/s/ Paul A. Fioravanti, Jr.*

Vice Chancellor